UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JORGE RAMOS,                                              Case No. 26 CV 3142
                         Plaintiff,

       -against-                                          **COMPLAINT**

THE CITY OF NEW YORK, P.O. MARYKATE                       JURY DEMAND
E. PARKER [TAX REG. #970762], P.O.
CHRISTOPHER TIMOTHY [TAX REG. #970892],
P.O. THOMAS D. COLLADO [TAX REG. #971872],
P.O. CORINE DALMAUFERREIRA [TAX REG.
#972599], LIEUTENANT DINA M. VALENTIN [TAX
REG. #936062], LIEUTENANT ALEXIS ALVAREZ
[TAX REG. #948458], and JOHN DOE AND JANE
DOE #1-5 (the names John and Jane Doe being
fictitious, as the true names are presently unknown),
                         Defendants.
------------------------------------------------------------------------X


Plaintiff, JORGE RAMOS, by his attorney, The Law Offices of UGO UZOH, P.C.,
complaining of the defendants herein, The City of New York, P.O. Marykate E. Parker
[Tax Reg. #970762], P.O. Christopher Timothy [Tax Reg. #970892], P.O. Thomas D.
Collado [Tax Reg. #971872], P.O. Corine Dalmauferreira [Tax Reg. #972599],
Lieutenant Dina M. Valentin [Tax Reg. #936062], Lieutenant Alexis Alvarez [Tax Reg.
#948458], and John Doe and Jane Doe #1-5 (collectively, "defendants"), respectfully
alleges as follows:

                            NATURE OF THE ACTION

1.       This is an action at law to redress the deprivation of rights secured to the
         plaintiff under color of statute, ordinance, regulation, custom, and/or to
         redress the deprivation of rights, privileges, and immunities secured to the
         plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the
         Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising
         under the law and statutes of the City and State of New York.

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.    As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.    Plaintiff timely made and served his notice(s) of claim in compliance with N.Y. Gen. Mun. Law §50-e.

5.    At least thirty days have elapsed since the service of aforesaid notice(s) of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

## THE PARTIES

6.    Plaintiff is and was at all times material herein a resident of Manhattan, County, City, and State of New York.

7.    Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8.    The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9.    Defendant P.O. Marykate E. Parker [Tax Reg. #970762] was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

10.    Defendant P.O. Christopher Timothy [Tax Reg. #970892] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11.    Defendant P.O. Thomas D. Collado [Tax Reg. #971872] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

2

12. Defendant P.O. Corine Dalmauferreira [Tax Reg. #972599] was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

13. Defendant Lieutenant Dina M. Valentin [Tax Reg. #936062] was at all times material herein a lieutenant employed by the NYPD. She is named here in her official and individual capacities.

14. Defendant Lieutenant Alexis Alvarez [Tax Reg. #948458] was at all times material herein a lieutenant employed by the NYPD. She is named here in her official and individual capacities.

15. Defendants John Doe and Jane Doe #1-5 ("Doe defendants") were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

16. Defendants Parker, Timothy, Collado, Dalmauferreira, Valentin, Alvarez, and Doe defendants are collectively referred to herein as "Parker defendants".

17. Defendants Timothy and Doe defendants are collectively referred to herein as "Timothy defendants".

18. Parker defendants and Timothy defendants are collectively referred to herein as "defendant officers".

19. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The January 16, 2025, Incident

20. On or about April 2, 2023, at approximately 1:00 p.m., Parker defendants, acting in concert, arrested plaintiff without cause at or close to the corner of 2nd Avenue and E 102nd Street, New York, New York, and charged plaintiff with various crimes.

21. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

3

22. Prior to the arrest, plaintiff had just returned home from work.

23. Upon returning home, plaintiff and his son's mother, Lenora James, proceeded to drop off their son at his babysitter's house.

24. Plaintiff had intended to return home after the drop off while Ms. James had planned to go to work.

25. While on their way to their son's babysitter's home, plaintiff and Ms. James walked past through NYPD-23rd Precinct which is located at 164 E 102nd Street, New York, New York.

26. After dropping their son off at his babysitter's home, plaintiff and Ms. James walked back the same path.

27. Upon approaching the precinct on their way back, Ms. James decided to enter the precinct while plaintiff stood outside and waited for her.

28. Within a few minutes thereafter, plaintiff observed the Parker defendants aggressively running after him in what seemed like a hot pursuit.

29. Plaintiff was confused and ran for his own safety in panic.

30. Parker defendants caught up with the plaintiff shortly thereafter and assaulted him.

31. In addition to other things, Parker defendants forcibly grabbed, kicked, pushed, shoved, and punched the plaintiff.

32. Ultimately, Parker defendants tightly handcuffed the plaintiff.

33. Parker defendants, however, continued to grab, kick, push, shove, and punch the plaintiff even after he had been handcuffed.

34. Plaintiff pleaded with Parker defendants to remove or loosen the handcuffs.

35. Parker defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

36. Plaintiff was caused to sustain serious injuries.

37. Parker defendants subjected the plaintiff to an illegal search.

38. Parker defendants' illegal search of the plaintiff did not yield any contraband.

39. Notwithstanding, Parker defendants forcibly removed the plaintiff to the precinct.

4

40.     While at the precinct, Parker defendants subjected the plaintiff to an illegal and unlawful search.

41.     Parker defendants did not recover any contraband from their unlawful search of the plaintiff.

42.     Nonetheless, Parker defendants continued to detain the plaintiff at the precinct.

43.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

44.     At some point following his arrest, Parker defendants met with prosecutors employed by the New York County District Attorney's Office.

45.     During this meeting, Parker defendants falsely stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their falsified police records and reports.

46.     Relying upon the falsified police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

47.     Plaintiff was arraigned on criminal court complaint sworn to by Parker defendants falsely charging the plaintiff with various crimes.

48.     Upon arraignment, plaintiff was released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him.

49.     On or about March 12, 2025 and April 21, 2025, respectively, the false charges levied against the plaintiff were summarily dismissed.

The April 19, 2025, Incident

50.     On or about April 19, 2025, at approximately 11:00 a.m., Timothy defendants, acting in concert, arrested plaintiff without cause at or within the vicinity of 1968 2nd Avenue, New York, New York.

51.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

52. Prior to the arrest, plaintiff was hanging out with his friend, Jeffrey Parker.

53. Timothy defendants approached the plaintiff and claimed that he fit a certain description.

54. Timothy defendants then forcibly grabbed the plaintiff and tightly handcuffed the plaintiff causing the plaintiff to sustain injuries.

55. Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

56. Plaintiff pleaded with Timothy defendants to remove or loosen the handcuffs.

57. Timothy defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

58. Timothy defendants subjected the plaintiff to an illegal search.

59. Timothy defendants' illegal search of the plaintiff did not yield any contraband.

60. Notwithstanding, Timothy defendants forcibly placed the plaintiff inside their police vehicle and transported him to the precinct.

61. While at the precinct, Timothy defendants subjected the plaintiff to an illegal search.

62. Timothy defendants' illegal and unreasonable search of the plaintiff did not yield any contraband.

63. Nonetheless, Timothy defendants continued to detain the plaintiff at the precinct.

64. After detaining the plaintiff at the precinct for a lengthy period of time, Timothy defendants voided the plaintiff's arrest and released him from detention.

65. Upon information and belief, many police officers assigned to precinct are familiar with the plaintiff and his friends and family.

66. Defendant officers would often stop, frisk, search, and/or detain the plaintiff and his friends and family whenever they run into them, and would threaten and/or call out the plaintiff and his friends and family by name on the rare occasions when they do not stop or detain them.

67.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

68.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

69.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

70.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 69 of this complaint as though fully set forth herein.

71.     The conduct of defendant officers, as described herein, amounted to false arrest.

72.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

73.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

74.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75.     Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

76. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

77. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

78. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

79. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

80. Defendant officers unlawfully grabbed the plaintiff, forcibly threw him down, tightly handcuffed him, held and pinned him face down, frisked and searched him on multiple occasions, and restrained plaintiff's freedom to walk away.

81. Defendant officers did not have any reasonable grounds to believe that the plaintiff was engaged (or had planned to engage) in any criminal activity.

82. Defendant officers by their conduct as described herein subjected plaintiff to unlawful stop & frisk and unreasonable search & seizure.

83. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

84. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

85. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 84 of this complaint as though fully set forth herein.

86. Defendant officers forwarded to the prosecutors their falsified records and statements.

87. Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

88. Plaintiff was required to appear in court to defend himself from the false charges levied against him with malice by defendants.

89. Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

90. Eventually, the criminal proceedings terminated in plaintiff's favor.

91. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

92. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

93. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Stephens defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

94. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95. Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

96. The plaintiff was deprived of his liberty as a result.

97. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

98. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

99.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

100.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 99 of this complaint as though fully set forth herein.

101.    The conduct of defendant officers, as described herein, amounted to excessive use of force.

102.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

103.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

104.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 103 of this complaint as though fully set forth herein.

105.    In an effort to find fault to use against plaintiff who is black, defendant officers met with themselves and with several other individuals including Ms. James on numerous occasions and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

106.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

10

107.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

108.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 107 of this complaint as though fully set forth herein.

109.    That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

110.    Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

111.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

112.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

113.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 112 of this complaint as though fully set forth herein.

114.    Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on

11

the pretext that they were involved in robbery, narcotics, drugs, guns, weapons and/or other illicit activities.

115. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

116. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

117. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

118. Notably, numerous civil rights complaints filed in this district and other courts have similarly alleged that many of the police officers involved in this case, including the defendant officers, routinely stop and frisk and manufacture evidence of criminality against individuals who are members of racial/ethnic minority groups, such as the plaintiff, in order to arrest and maliciously prosecute them.

119. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the precinct alleging, among other things, that the police officers unlawfully stopped and frisked, falsely arrested, and maliciously prosecuted the plaintiffs without probable cause.

120. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

121. As a result of defendant City's failure to properly train, supervise, discipline, or screen its police officers, defendant officers unlawfully arrested the plaintiff.

122.     Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

123.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

124.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11, & 12 - against defendants

125.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 124 of this complaint as though fully set forth herein.

126.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

127.    In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11, & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

128.    The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

129.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

130.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 129 of this complaint as though fully set forth herein.

131.    The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

132.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

133.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 132 of this complaint as though fully set forth herein.

134.    The conduct of defendant officers, as described herein, amounted to malicious prosecution.

135. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

136. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 135 of this complaint as though fully set forth herein.

137. By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

138. The conduct of the defendants, as described herein, amounted to assault and battery.

139. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

140. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 139 of this complaint as though fully set forth herein.

141. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

142. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

143. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

144.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 143 of this complaint as though fully set forth herein.

145.    Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

146.    Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

147.    Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

148.    Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

149.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

150.    Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

16

SIXTEENTH CAUSE OF ACTION: TORTS (NEW YORK CITY ADMINITRATIVE CODE §§ 8-802, 8-803) - against defendants

151.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 150 of this complaint as though fully set forth herein.

152.     By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiff without probable cause or reasonable suspicion, subjecting the plaintiff and his properties to unreasonable searches and seizures, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities provided under N.Y.C. Admin. Code §§ 8-802 and 8-803.

153.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
          April 16, 2026

17

UGO UZOH, P.C.


By:     *Ugochukwu Uzoh*
        Ugochukwu Uzoh
        Attorney for the Plaintiff
        56 Willoughby Street, Third Floor
        Brooklyn, N.Y. 11201
        Tel. No: (718) 874-6045
        Fax No: (718) 576-2685
        Email: u.ugochukwu@yahoo.com

18